WIRUTH et al. v. HILLCREST MEMORIAL HOSPITAL.

No. 33258.　March 1, 1949.

Rehearing Denied July 12, 1949.

207 P. 2d 782.

Marvin T. Johnson and Edwin A. Ellinghausen, both of Tulsa, for plaintiffs in error.

Hudson, Hudson & Wheaton, of Tulsa, for defendant in error.

O'NEAL, J.　This is an action commenced in the district court of Tulsa county by plaintiffs in error, Rose Wiruth and Emma Wiruth, sisters, against Hillcrest Memorial Hospital, a corporation, and Bryce L. Twitty, to recover damages in the sum of $57,400 for the breach of a contract of employment.

Plaintiffs claim that defendants employed them to manage and operate a lying-in hospital in Tulsa, Okla., at a salary of $175 per month each, said employment to commence December 15, 1943, and continue so long as plaintiffs were able to work, or, as expressed in the alleged contract, as long as they could walk; that said employment was to manage and operate said lying-in hospital as they thought fit and proper, subject only to the supervision of Twitty, who was the general supervisor of defendant corporation; that plaintiffs were to sever their connections with Flower Hospital Inc., a lying-in hospital which they owned or controlled and from which they were each drawing a salary of $175 per month plus board and laundry; that all the patients in Flower Hospital were to be transferred to defendant corporation; that in order to do so plaintiffs were required to and did sell their interest in said Flower Hospital at a loss of $6,000; that plaintiffs did transfer all their patients from Flower Hospital to Hillcrest Memorial Hospital on November 15, 1943, and were ready, willing and able to commence their employment under said contract on De-

cember 15, 1943, but that without fault of plaintiffs, they were not permitted to commence work until April 15, 1944, and were without employment during said four months; that said employment did commence on April 15, 1944, and continued until about September 15, 1945, at which time defendants breached their said contract of employment by a reduction of the rank of plaintiffs in said employment and material change in the duties of plaintiffs from that of managers to mere menial employees. Plaintiffs claimed damages in the sum of $1,400 for loss of employment from December 15, 1943, to April 15, 1944, $6,000 damages for the loss on the sale of their interest in the Flower Hospital, and $50,000 for the breach and termination of the contract of employment.

Defendant corporation denied generally all the allegations of plaintiffs' petition except such as were expressly admitted, and expressly denied that Bryce L. Twitty, their supervisor, possessed authority, either express or implied, to enter into a contract of employment relied upon for so long as plaintiffs were able to work or "could walk". Defendant corporation admitted that it did enter into an oral contract with plaintiffs under which plaintiffs became employees of defendant corporation, but alleged that plaintiffs were employed for no definite period of time and that their contract of employment was terminable at will by either plaintiffs or said defendant corporation, and that plaintiffs terminated their employment on September 14, 1944, by their written resignation. Defendant further alleged that the oral contract sued upon by plaintiffs is unenforceable by reason of the statute of frauds of the State of Oklahoma and particularly 15 Okla. St. Ann. §136, subd. 1.

Defendant Bryce L. Twitty filed his separate answer, but plaintiffs at the trial dismissed their action as to said defendant Twitty, and the nature of his answer need not be set forth.

A jury was impaneled to try the issues and at the close of plaintiffs' evidence in chief, defendant corporation demurred thereto. Said demurrer was sustained, plaintiffs' action was dismissed, and after unsuccessful motion for new trial, plaintiffs appealed.

All the assignments of error are presented under two propositions: (1) That the evidence was sufficient to show that Twitty acted within the actual or apparent scope of his authority in making the contract, and that the case should have gone to the jury; (2) that the court erred in holding the defendant in error not estopped to question the authority of Twitty as his agent after accepting the consideration and benefits of the contract.

The principal question is whether or not the trial court erred in sustaining the demurrer to plaintiffs' evidence. We deem it unnecessary to set forth the evidence at length. It may be noted that there are three elements or items in the claims of plaintiffs. If plaintiffs' evidence, considering the same to be true, which for the purpose of the demurrer thereto we must, is sufficient to establish that Bryce L. Twitty acted within the scope of his authority in making the contract sued on, and to make a prima facie case as to any one of the three items or elements, it is error to sustain the demurrer.

We consider first the claim of $1,400 for loss of wages from December 15, 1943, to April 15, 1944. As to that item, the question of the duration of the alleged employment is immaterial. Plaintiffs' evidence was sufficient to prove a contract of employment such as they claim the contract to be. The answer of defendant Hillcrest Memorial Hospital admits that there was a contract of employment. Plaintiffs' evidence was that this employment was to begin December 15, 1943, and that plaintiffs were ready to go to work on that date, but that the lying-in hospital was not ready to open at that time and was not ready until April 15, 1944, at which time plaintiffs did go to work for de-

fendant, and that plaintiffs had severed their connections with the Flower Hospital November 15, 1943, and transferred all or nearly all of the patients in Flower Hospital to Hillcrest Memorial Hospital in its main building at 1653 East 12th street in Tulsa, where they were kept until the Hillcrest Lying-In Hospital, located at 1615 East 12th Street, was ready to open, which was April 15, 1944, and that plaintiffs were unemployed during that time but on vacation from November 15 to December 15, 1943. That evidence is not contradicted and must be taken as true for the purpose of the demurrer. As to this item, the record clearly shows a contract of employment, at least terminable at the will of either plaintiffs or defendants, as alleged in defendant's answer. The evidence shows a definite date when the employment was to commence, and failure of defendant to furnish employment at that time and the consequent loss of wages by each of the plaintiffs for the four months at a salary of $175 per month. It was error to sustain the demurrer to plaintiffs' evidence because of that item alone.

Since a new trial must be had, we deem it unnecessary to discuss the evidence in detail as to the other items in plaintiffs' claim. The issues, evidence, and record may not be the same on a new trial.

Reversed and remanded, with directions to grant plaintiffs a new trial.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, GIBSON, LUTTRELL, and JOHNSON, JJ., concur. CORN, J., dissents.