Enid. Lehman FARRAR et al.,
Plaintiffs in Error,

v.

George W. MURPHY et al.,
Defendants in Error.

No. 37186.

Supreme Court of Oklahoma.

Nov. 13, 1956.

Rehearing Denied Jan. 8, 1957.

 

Kathryn Van Leuven, Oklahoma City, for plaintiffs in error.

Raymond A. Trapp, Peyton E. Brown, Blackwell, for defendants in error.

PER CURIAM.

This action was brought by the plaintiffs in error, plaintiffs below, to quiet their title against the claim of the defendants to the reversionary interest in an abandoned alley abutting on their property. They also sought to eject the defendants, the adjoining reversionary owners, from that part of the alley belonging to the plaintiffs and damages for its dentention. A demurrer to the plaintiffs' evidence was sustained and they appeal. The parties will be referred to by their trial court designation.

The plaintiffs own three lots in the northwest corner of block 18, Day's addition, Blackwell, Oklahoma. The defendants' property consists of the lots of the S.W. corner of the block. As platted, this block was divided by a 20 foot alley running east and west, which separated the property now owned by the litigants. The alley has never been opened by the city because a railroad across the east side of the block created a dead end. It was stipulated that the alley had been abandoned by the city. Fourth street forms the west boundary of the block. All these lots were at one time owned by the same person. This previous owner had built a garage that blocks the alley by extending to within 16 inches of the north boundary line. He also built a garage apartment, on a lot now owned by the plaintiffs, that extended south into the alley 10 inches. The exact location of these buildings in relation to each other and to the lots owned by the parties is not clear from the record, but it seems that the garage in the alley is to the east of the garage apartment. Both garages open to

the west and have separate driveways to Fourth street.

After all this construction occurred, the property was conveyed by mesne conveyances to the parties to this action. The plaintiffs acquired their property in 1936. The deed described the property by reference to the plat. The owners of the property south of the alley have always used the garage in the alley. Approximately seven years prior to trial, the defendants constructed a wire fence between the garages just south of the north line of the alley, but otherwise the property is not fenced. The plaintiffs testified that they and their tenants and customers of their sewing shop had used the alleyway "whenever we wished" even though the defendants protested on occasions. They used this area for a driveway and as access to the rear of their property. The plaintiffs also had a flower bed on part of the property. The plaintiffs testified that the defendants were claiming ownership of all of the alley.

The trial court sustained the demurrer to the plaintiffs' evidence on the theory that this evidence proved that the action was barred by the statute of limitations. In this conclusion the court erred.

The plaintiffs' action was to eject the defendants from the north half of the alley which it was stipulated had been abandoned by the city. Proof of their title to the abutting lots and this stipulation proved the plaintiffs' right to the north ten feet of the alley by reverter. Askins v. British-American Oil Producing Co., 201 Okl. 209, 203 P.2d 877; Turner v. Davisson, 47 Wash.2d 375, 287 P.2d 726. The deed by which plaintiffs claim title conveys by reference to the recorded plat does not except the adjoining alley. This deed carried with it the reversionary interest in the alley. The defendants could only have acquired ownership of this part, under these circumstances, by an exclusive adverse possession of the entire alley. This was not the import of the plaintiffs' evidence, accepting it as true and giving to it every

reasonable inference. Independent School Dist. No. 65, Wagoner County v. Stafford, 208 Okl. 542, 257 P.2d 1092. The testimony of the plaintiffs proved conclusively that they were in the exclusive possession of the strip upon which the garage apartment was located; that they were using the remainder of the alley, excluding the defendants' garage, jointly with the defendants, though over their objections; that the property was not enclosed by either party; that plaintiffs had maintained a flower garden in part of the alley; that the defendants' fence between the buildings had been there only seven years. It could be concluded that title had been lost to the area upon which the defendants' garage was located, but this does not necessarily support a conclusion that exclusive adverse possession had been established for the prescriptive period to all the north half of the alley. The plaintiffs made out a prima facie case to eject the defendants from at least a part of this property and it was error, therefore, to sustain the demurrer. Wiruth v. Hillcrest Memorial Hospital, 201 Okl. 607, 207 P.2d 782. The case of McPike v. Avery, 119 Okl. 140, 249 P. 273, cited by the defendant, can be distinguished by the facts. There, the original plat had been vacated and a new plat filed in which the abandoned street was platted as a lot and in addition to which the city, by ordinance, vacated the original street.

Reversed with directions to grant the plaintiffs a new trial.

The Court acknowledged the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Nease and approved by Commissioners Crawford and Reed, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, JACKSON and CARLILE, JJ., concur.