**L. W. LAWSON, Plaintiff in Error,**

v.

**LEE ELLER FORD, INC., a corporation,**
**Defendant in Error.**

No. 39675.

Supreme Court of Oklahoma.

Oct. 9, 1962.

Rehearing Denied Nov. 7, 1962.

Hudson, Hudson, Wheaton & Kyle, Tulsa, Maurice E. Lampton, Sapulpa, C. E. Mitchell, Pawnee, for plaintiff in error.

Covington & Gibbon, Tulsa, for defendant in error.

IRWIN, Justice.

Lee Eller Ford, Inc., owned and had for sale a 1957 Chevrolet automobile and entrusted the same to Della Lee Smith, a prospective purchaser. While Della Lee Smith was test driving the automobile she collided with a car being driven by plaintiff.

Plaintiff brought an action against Lee Eller Ford, Inc., and Della Lee Smith for damages resulting from the accident. The alleged negligence of Lee Eller Ford, Inc., was that it had entrusted to Della Lee Smith an automobile to test drive without first having ascertained that it was in a safe operating condition and that it knew, or in the exercise of ordinary care, should have known that the automobile was in such a defective condition that its operation upon the highway constituted a danger to persons using the highway.

The trial court sustained the demurrer of Lee Eller Ford, Inc.. to plaintiff's evidence. Thereafter, an agreed judgment was entered in favor of plaintiff against Della Lee Smith. Plaintiff's motion for a new trial against Lee Eller Ford, Inc., was denied and he has perfected this appeal.

## FACTS

Della Lee Smith testified that defendant's agent delivered the 1957 Chevrolet automobile to her in Supulpa to test drive; that while she was driving the car to Sand Springs she noticed the automobile abruptly pulled to the left at a speed of sixty miles an hour; that at a lesser speed the pull to the left was not so abrupt; that a Mr. Edwards and a Mr. White checked the car for her while she was in Sand Springs; that the accident happened on the highway back to Sapulpa; that when the accident happened, the car had shifted abruptly to the left.

Mr. Edwards, a sales manager for an automobile company testified that he examined the car prior to the accident and that it had a bent "A" frame on the right side; that the bent "A" frame could greatly affect the steering.

Mr. White, a service manager for an automobile company, testified that he examined the automobile at the request of Della Lee Smith; that it had a bent "A" frame; that the "a" frame was visible without moving anything or taking anything off the car; that the bent "a" frame would affect the alignment of the wheel and the alignment of the wheel would affect the steering of the automobile; and that the alignment was distorted in a way it would pull to the left.

Plaintiff testified that he was driving to the right of the center line of the highway and saw the Chevrolet approaching from the opposite direction and noticed the car cross the center line "quite abrupt".

The evidence discloses that the impact or accident occurred approximately four feet across the center line of the highway and in the lane in which plaintiff was driving.

## CONCLUSIONS

In Hembree v. Southard (Okl.), 339 P.2d 771, we held:

"A used car dealer, though not an insurer of the safety of the vehicles sold by him, must, to avoid liability for damages for personal injuries sustained by a prospective buyer, arising out of the prospective buyer's authorized use of a used car with a defective front wheel brake, unknown to the prospective purchaser, but represented by the dealer to be in good running condition at the time of delivery, exercise reasonable or ordinary care in making inspections and tests to discover defects which would make the used car dangerous to those who may use it or come in contact with it; and, upon failure of his duty in this respect, the used car dealer is charged with knowledge, at the time of delivery, of defects, which were discoverable in the exercise of ordinary care and is amenable to an action for damages resulting from such defect."

If a used car dealer is amenable to an action for damages by a prospective purchaser as set forth above, we can see no reason why such dealer would not be amenable to an action for damages by the driving public. We therefore hold that a used car dealer, who entrusts a used car to a prospective purchaser to test drive, owes a duty to the public to use reasonable or ordinary care in making inspections and tests for the purpose of detecting defects which would make the operation of such car a danger to the driving public; and, upon failure of his duty in this respect, a used car dealer is charged with knowledge, at the time of delivery to the prospective purchaser, of defects which were discoverable in the exercise of reasonable or ordinary care and is amenable to an action for damages resulting from such defect.

The evidence tends to prove that (1) the automobile in question had a bent "A" frame when Lee Eller Ford, Inc., delivered the same to Della Lee Smith, the prospective purchaser; (2) a reasonable or ordinary inspection would have disclosed the bent "A" frame; and, (3) a reasonable or ordinary driving test of the car would have disclosed that at a speed of sixty miles an hour the car would pull abruptly to the left and at a lesser speed the pull to the left was not so abrupt.

Therefore, Lee Eller Ford, Inc., is charged with the knowledge of having delivered the defective car to the prospective purchaser and is amenable to an action for damages resulting from such defect.

Lee Eller Ford, Inc., contends that negligence can not be established by basing an inference upon inference or presumption upon presumption. In this connection, it is urged that it must be assumed that the automobile did pull rapidly or abruptly to the left and then further assume that said

abrupt pulling to the left was caused by the defective or bent "A" frame.

The evidence discloses that plaintiff positively testified to the fact that the automobile made an abrupt shift across the center line of the highway. Della Lee Smith testified that the car shifted to the left abruptly. The service manager testified that the bent "A" frame would affect the alignment of the wheel and the alignment of the wheel would affect the steering and that the alignment was distorted in a way it would pull to the left. We therefore can not sustain the contention that negligence was attempted to be established by basing an inference upon an inference or a presumption upon a presumption.

■ Lee Eller Ford, Inc., next contends that the defective condition, if any was shown, was not the proximate cause of the accident; that the defect, if any, did not cause the car to swerve to the left; and the defect, if any, was insulated by the intervening negligence of Della Lee Smith and was not the proximate cause of the accident.

In Turner v. Gallagher, (Okl.), 371 P.2d 733, we held:

"In order for an intervening cause to relieve one guilty of primary negligence from liability such intervening cause must have been the direct, sufficient and proximate cause of the injury and must entirely supersede the original act of negligence. If such intervening cause might reasonably have been foreseen as the natural and probable consequence of the condition created by the primary negligence the original wrongdoer will not be relieved from liability.

"Where original negligence continues and exists up to time of injury, concurrent negligent act of third person causing injury is not independent act of negligence, but two concurring acts of

negligence will be held to be the proximate cause of injury."

See also Yellow Transit Freight Lines v. Allred, (Okl.), 302 P.2d 985.

The evidence tends to prove that the defective "A" frame was the proximate cause of the accident and that the defective "A" frame caused the car to abruptly shift to the left. We therefore can not sustain the above contentions.

■ In considering the trial court's action sustaining the demurrer of the defendant to the evidence and the overruling of the motion for a new trial, we consider the facts, circumstances and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff's theory of the case. Hembree v. Southard, supra. In reviewing such evidence on demurrer, the court must treat the plaintiff's evidence as true. Wiruth v. Hillcrest Memorial Hospital, 201 Okl. 607, 207 P.2d 782, and Carter Oil Co. v. Johnston, 208 Okl. 564, 257 P.2d 817. We have also held that unless the trial court, on the basis of plaintiff's evidence, can correctly say that all reasonable men would agree defendant was not negligent, or that defendant's negligence was not the proximate cause of the injuries, the cause should be submitted to a jury. Missouri-Kansas-Texas Railroad Company v. Jones, Okl., 354 P.2d 415; Carter Oil Co. v. Johnston, supra; and Yellow Transit Freight Lines v. Allred, supra.

■ After carefully reviewing plaintiff's evidence under the above principles of law, we hold the evidence was sufficient to withstand the demurrer and the trial court was in error in sustaining the demurrer and in overruling the plaintiff's motion for a new trial. The cause is therefore reversed and remanded with directions to set aside the order overruling the motion for a new trial and to grant the plaintiff a new trial as to the defendant Lee Eller Ford, Inc.

Reversed and remanded.