**Johnny DELBREL, Appellant,**

v.

**DOENGES BROS. FORD, INC., Appellee.**

No. 83096.

Supreme Court of Oklahoma.

March 12, 1996.

Michael D. Lewis, Law Offices of Michael D. Lewis, Oklahoma City, Nancy K. Anderson, Oklahoma City, for Appellant.

Harlan S. Pinkerton, Tulsa, for Appellee.

ALMA WILSON, Chief Justice:

The issue is whether the trial court erred in dismissing a petition for failure to state a claim where the appellant, Johnny Delbrel, alleged that the appellee, Doenges Brothers Ford, Inc., failed to repair a vehicle in a reasonable and workmanlike manner, and that as a result of such negligent repair the appellant was injured. We hold that the petition is sufficient to state a claim against the appellee, and that dismissal of the petition by the trial court was error.

The appellant filed suit on October 26, 1993, against the appellee for negligence. In answer, the appellee filed a motion to dismiss for failure to state a claim upon which relief may be granted, based primarily upon a failure by the appellant to allege a duty owed to him by the appellee. The appellant responded by amending his petition. The appellee reurged its motion to dismiss. On January 12, 1994, the trial court granted the motion. The appellant then filed a "Motion for New Trial." On February 11, 1994, the trial court denied the motion of the appellant. On February 28, 1994, the trial court found that the judgment in favor of the appellee was a complete termination of the litigation against the appellee, and therefore there was no just reason to delay the entry in filing a final

judgment in favor of the appellee. The trial court concluded by granting judgment in favor of the appellee, and against the appellant. Such a judgment is final. *Kelly v. Abbott,* 781 P.2d 1188, 1190 (Okla.1989). The Court of Appeals affirmed. We have previously granted certiorari.

The lawsuit should not be dismissed for the failure of the petition to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Niemeyer v. United States Fidelity and Guaranty Co.,* 789 P.2d 1318, 1321 (Okla.1990). *Coe v. Esau,* 377 P.2d 815, 820 (Okla.1963) observed that a prima facie case for negligence is made where the circumstances are such as to remove the case from the realm of conjecture and place it within the sphere of legitimate and rational inference. The Oklahoma Pleading Code, 12 O.S.1991, §§ 2001–2027, does not require a plaintiff to set out in detail the facts upon which the claim is based. *Niemeyer,* 789 P.2d at 1320. The Code merely requires 'a short and plain statement of the claim' that gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Niemeyer,* 789 P.2d at 1320–1321.

Section 2026 of the Oklahoma Pleading Code provides that the forms contained in § 2027 are sufficient under the Code and are intended to indicate the simplicity and brevity of statement that the Code contemplates. Form 8 is a petition for negligence. It provides:

"1. On June 1, 19___, on a public roadway called Utica Avenue in Tulsa, Oklahoma, defendant negligently drove a motor vehicle against plaintiff who was then crossing said roadway.

"2. As a result plaintiff was thrown down and had his leg broken and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization.

"Wherefore plaintiff demands judgment against defendant in the sum of ___ dollars, interest, and costs."

The appellant's amended petition provided in pertinent part:

"That on September 23, 1993, the vehicle repaired by Doenges Bros. Ford, Inc. died on a public roadway. That Doenges Bros. Ford, Inc. had a duty to repair the vehicle in a reasonable and workmanlike manner. That said vehicle was not repaired by Doenges Bros. Ford, Inc., in a reasonable and workmanlike manner. That defendant was negligent in its repairs and said negligent repair created an unreasonable risk of danger to the plaintiff. That said risk was reasonably foreseeable and that the plaintiff, Johnny Delbrel, has been damaged as a result of Doenges Bros. Ford, Inc.'s negligence."

Other facts stated in the petition reveal that the appellant was pushing a disabled vehicle off a public roadway when he was struck from behind by another vehicle. The accident resulted in the amputation of both of the appellant's legs. Uncontested facts gleaned from the briefs of the parties reveal that the appellant was a passenger in the car that had been previously repaired by the appellee. The car died in the roadway, and the appellant was helping in pushing the car off the street, when the second vehicle struck him from behind. No mention is made in the record concerning what had been repaired, and what caused the vehicle to die in the roadway. Such facts need not be included in the petition for the petition to state a cause of action. The information contained in the amended petition of the appellant is clearly sufficient under the Oklahoma Pleading Code to state a cause of action. Such "notice pleading" is made possible by the liberal opportunity for discovery and other pretrial procedures to determine the relevant facts. *Prough v. Edinger, Inc.,* 862 P.2d 71, 74–75 (Okla.1993).

As this Court reviewed in *Wofford v. Eastern State Hospital,* 795 P.2d 516, 519 (Okla.1990), whether or not a duty exists depends on the relationship between the parties and the general risks involved in the common undertaking. Duty of care is a question of law. The court decides whether a defendant stands in such a relationship to a plaintiff that the defendant owes an obli-

gation of reasonable conduct for the benefit of the plaintiff. "[D]uty is ... only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." *Wofford,* 795 P.2d at 519, quoting Prosser, Law on Torts (3d ed. 1964) at pp. 332–333. The most important consideration in establishing duty is foreseeability. *Wofford,* 795 P.2d at 519.

The Supreme Court of Florida, in discussing the foreseeability element establishing a duty of care, commented that foreseeability is crucial in defining the scope of the general duty placed on every person to avoid negligent acts or omissions. *McCain v. Florida Power Corp.,* 593 So.2d 500, 503 (Fla.1992). That court recognized that a legal duty arises when a human endeavor creates a generalized and foreseeable risk of harming others. The focus of the duty element of negligence is on whether the defendant's conduct creates a broader "zone of risk" that poses a general threat of harm to others. *McCain,* 593 So.2d at 502.

■ The appellee argued in a brief to the trial court that it is important to note the plaintiff is a stranger to Doenges. This Court observed in *Truitt v. Diggs,* 611 P.2d 633, 636 (Okla.1980), the traditional rule at common law was that privity of contract was required before a cause of action in tort arose from a breach of duty created by contract, but now this restriction in cases involving physical injury to third persons has in many instances been eliminated or modified. No privity is necessary in this tort action based on negligence.

In spite of the appellee's attempts to distinguish the facts of this case from those of other cases imposing a duty, *Stuckey v. Young Exploration Co,* 586 P.2d 726 (Okla. 1978), and *Barnhart v. Freeman Equipment Co.,* 441 P.2d 993 (Okla.1968), provide the law concerning the duty of care owed by the appellee to the appellant. In *Stuckey* a company truck was taken to the defendant for repair. Nine days later an accident occurred injuring the company's employee. The plaintiff alleged that the defendant should have been aware of the mechanical problem that caused the accident. He asserted that the

defendant should have either repaired the problem or warned him of the dangerous condition. This Court recognized the duty of a repairer of chattels to exercise reasonable care not to cause bodily harm to one whose person or property might reasonably be expected to be endangered by probable use of the chattel after repair. *Stuckey,* 586 P.2d at 730. The Court specifically held that this duty was "quite aside from any obligation in contract," and that "[o]ne who negligently repairs a vehicle at the request of the owner is liable to third persons." *Stuckey,* 586 P.2d at 730. Citing *Barnhart,* the Court continued that the defendant not only owed a duty to perform the repair properly, but also the duty to inspect and test the vehicle in order to determine whether the truck could be operated without danger to the plaintiff and the public. *Stuckey,* 586 P.2d at 730. In *Barnhart,* like *Stuckey,* an employee truck driver of a company was injured when the truck he was driving overturned allegedly caused by a mechanical failure of the truck. The part that failed had been modified by the defendant. The Court observed that the modifications made to the truck were to make the truck safe and usable by the plaintiff and his employer. The Court held that the defendant not only owed a duty to perform the modification properly, but also incurred the duty to inspect and test the vehicle in order to determine whether the truck could be operated without danger to the plaintiff and the public. *Barnhart,* 441 P.2d at 993. The Court cited *Lawson v. Lee Eller Ford,* 375 P.2d 913 (Okla.1962), where the Court held a used car dealer owed a duty to a prospective purchaser driving the car and to the public to use reasonable care in making inspections and tests to detect defects that would make the car a danger to the driving public. In the *Lawson* case the prospective buyer was test driving the car when it abruptly swerved into an oncoming vehicle. Lawson was the driver of the other vehicle.

■ The cause before this Court is not one of first impression. *Lawson, Barnhart,* and *Stuckey* all support the appellant's assertion that the appellee owed a duty of care to the appellant, as a person who could foreseeably be injured by the appellee's negligent failure to repair or warn against a dangerous condition concerning the vehicle that died on

the roadway. This foreseeability must not be confused with the foreseeability element of proximate cause. We hold, as a matter of law, that one who is paid to repair a car owes a duty of care to both the owner of the car and to the general public to assure that the repair is properly performed or the owner is warned of its dangerous condition, where the dangerous condition is discoverable in the exercise of ordinary care. Where the breach of that duty is the proximate cause of injury to another, then the person contracting to repair the car is liable.

The proximate cause element of negligence is concerned with the direct cause of the specific accident. It has been defined in the Oklahoma Uniform Jury Instructions as "a cause which, in the natural and continuous sequence, produces injury and without which the injury would not have happened." *Tomlinson v. Love's Country Stores*, 854 P.2d 910, 915 n. 6 (Okla.1993). Foreseeability as an element of duty of care creates a "zone of risk" and is a minimum threshold legal requirement for opening the courthouse doors. *McCain*, 593 So.2d at 502. Foreseeability as an element of proximate cause is a much more specific factual requirement that must be proved to win the case once the courthouse doors are open. *McCain*, 593 So.2d at 502.

Because we have held that the appellee had both a duty of care to the owner of the repaired car and to the public, the courthouse doors are open to the appellant. The public, of which the appellant is a member, is within the zone of risk of negligently repaired vehicles. Whether or not the actions of the appellee were the proximate cause of the injury to the appellant, or merely established a condition is a fact question, and therefore one for the jury to decide. *Tomlinson*, 854 P.2d at 916. This cause must be REVERSED and REMANDED.

KAUGER, V.C.J, and HODGES, OPALA and WATT, JJ., concur.

LAVENDER, SIMMS, HARGRAVE and SUMMERS, JJ., dissent.