1999 OK CIV APP 95

**Barry SMITH, Plaintiff/Appellant,**

v.

**Betty SPELIGENE, Defendant/Appellee.**

**No. 92,198.**

Court of Civil Appeals of Oklahoma, Division No. 4.

May 25, 1999.

Certiorari Denied Sept. 22, 1999.

Danny Corn, Oklahoma City, Oklahoma, For Plaintiff/Appellant.

Laura Haag McConnell, Hartzog, Conger & Cason, Oklahoma City, Oklahoma, For Defendant/Appellee.

RAPP, J.

¶ 1 The trial court plaintiff, Barry Smith ("Smith") appeals the decision in favor of the trial court defendant, Betty Speligene ("Speligene") that sustained a motion to dismiss his petition for failure to state a claim.[1]

## I. *Background*

¶ 2 Smith alleged Speligene infected him with Herpes Type I virus. Smith sued for damages claiming that Speligene negligently and intentionally infected him with the virus. In his action, Smith sought medical expense, compensation for pain and permanent injury because the virus has no cure.

¶ 3 Speligene moved to dismiss for failure to state a claim. Her contention was that Herpes Type I is not a dangerous disease, but only "cold sores." The crux of her motion is that there is no duty to warn against what she alleges is a minor illness or disease. In support of her motion, Speligene references medical texts purporting to find that upwards of 80% of the public suffer from Herpes Type I to some degree.

¶ 4 In response, Smith asserts that this form of Herpes is potentially far more severe than characterized by Speligene. Smith disputes the contention that this form of the virus is not dangerous and cites medical texts in support of his position.

¶ 5 The trial court reviewed the parties' briefs and sustained the motion to dismiss. Smith's cause was dismissed without opportunity to amend and Smith appeals.

## II. *Standard of Review*

¶ 6 A trial court's dismissal for failure to state a claim upon which relief can be grant-

---

1. Smith filed a post-hearing "motion to reconsider" more than 10 days after the order of dismissal was filed. That motion did not extend the time for appeal. 12 O.S. Supp.1997, § 990.2(B). The petition in error was timely filed on November 16, 1998, and advised that the motion "was pending" at that time. This Court has not been advised by either party of any disposition of that motion. 12 O.S. Supp.1997, § 990.2(B).

ed involves a *de novo* review to ascertain whether the petition, including its exhibits, is legally sufficient. *Indiana National Bank v. State Department of Human Services,* 1994 OK 98, 880 P.2d 371; Gay v. Akin, 1988 OK 150, 766 P.2d 985. The petition is a short and plain statement of the claim and a demand for judgment. 12 O.S.1991, § 2008. The Court must take as true all of the challenged pleading's allegations, together with all reasonable inferences which may be drawn from them. *Indiana National Bank v. State Department of Human Services,* 1994 OK 98, 880 P.2d 371; *Great Plains Federal Savings & Loan v. Dabney,* 1993 OK 4, 846 P.2d 1088. Moreover, such motion is not favored. *Lockhart v. Loosen,* 1997 OK 103, 943 P.2d 1074; *Indiana National Bank v. State Department of Human Services,* 1994 OK 98, 880 P.2d 371.

¶ 7 Therefore, a pleading must not be dismissed for failure to state a claim unless the allegations show beyond any doubt that the litigant can prove no set of facts which would entitle him to relief. *Id.; Frazier v. Bryan Memorial Hospital Authority,* 1989 OK 73, 775 P.2d 281. The burden is upon the movant to demonstrate legal insufficiency and, the motion must comply with the statutory format. 12 O.S.1991, § 2012(B); *Indiana National Bank v. State Department of Human Services,* 1994 OK 98, 880 P.2d 371. A plaintiff need not identify either a specific theory or set out the correct remedy in order to prevail on the motion to dismiss. *Id.* The trial court's task is to inquire whether relief is possible under any set of facts that could be established consistently with the allegations. *Id.* Generally a motion to dismiss is not favored and may be sustained for two reasons: (1) lack of any cognizable legal theory, or, (2) insufficient facts under a cognizable legal theory. *Lockhart v. Loosen,* 1997 OK 103, ¶ 5, 943 P.2d 1074, 1078.

¶ 8 The precise question here before the trial court was the existence of a duty on the part of the defendant Speligene. This presents a question of law. *Delbrel v. Doenges Bros. Ford, Inc.,* 1996 OK 36, ¶ 7, 913 P.2d 1318, 1320. The appellate court has the plenary, independent and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition L.L.C. v. Wingrod Investment Corp.,* 1996 OK 125, 932 P.2d 1100, fn. 1.

## III. Analysis and Review

¶ 9 Smith argued before the trial court that he was entitled to recover under a theory of negligence. The elements of negligence are (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) a violation of that duty; and, (3) injury proximately resulting from the violation. *Tomlinson v. Love's Country Stores, Inc.,* 1993 OK 83, ¶ 17, 854 P.2d 910, 915.

¶ 10 Validity of the trial court's ruling here depends upon whether a duty, recognized by law, exists on the part of Speligene concerning whether her conduct created a zone of risk to the plaintiff relative to her disease and if so, was the risk of such a nature as to require her to inform the plaintiff or lessen the threat of harm to him. *See McCain v. Florida Power Corporation,* 593 So.2d 500, 502–503 (Fla.1992). The existence of such a duty is here the minimal threshold question. Whether a duty exists presents a question of law which depends on the relationship between the parties and the general risks involved in the common undertaking. *Wofford v. Eastern State Hospital,* 1990 OK 77, ¶¶ 8 through 10, 795 P.2d 516, 518. The court stated:

> Oklahoma courts have recognized that the existence of a duty depends on the relationship between the parties and the general risks involved in the common undertaking. *See Union Bank of Tucson v. Griffin,* 771 P.2d 219 (Okla.1989). Whether a defendant stands in such relationship to a plaintiff that the law will impose upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff is a question for the court. *Id.* 'Duty of care is not a concept that arises only by statute.... Whenever a person is placed in such a position with regard to another that it is obvious that if he did not use due care in his own conduct he will cause injury to the other, the duty at once arises to exercise care commensurate with the situation in order to avoid such injury.' *Union Bank,* 771 P.2d at 222.

Professor Prosser had this to say: The assertion that liability must ... be denied because defendant bears no 'duty' to plaintiff begs the essential question—whether the plaintiff's interests are entitled to legal protection against the defendant's conduct.... [Duty] is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection. (Prosser, *Law on Torts* [3d ed.1964] at pp. 332–333.)

*Wofford v. Eastern State Hospital*, 1990 OK 77, ¶ 10, 795 P.2d 516, 519.

¶ 11 The most important of those policy considerations in the determination of whether a duty exits is foreseeability. The general rule is that a "defendant owes a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks which make the conduct unreasonably dangerous." *Id.*, ¶ 11, 795 P.2d at 519. Foreseeability as an element of duty establishes a "zone of risk", that is, whether the conduct "creates a generalized and foreseeable risk of harming others." *Delbrel v. Doenges Bros. Ford, Inc.*, 1996 OK 36, ¶ 8, 913 P.2d 1318, 1321; *McCain v. Florida Power Corporation*, 593 So.2d 500, 502–503 (Fla.1992). When a defendant's conduct "creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from harm that the risk imposes." *McCain v. Florida Power Corporation*, 593 So.2d 500, 503 (Fla.1992).

¶ 12 The foreseeability component of duty is different than the forseeability element of proximate cause. The latter is concerned specifically with whether and to what extent the defendant's conduct foreseeably and substantially caused the injury that occurred. *Delbrel*, ¶ 12, 913 P.2d at 1322; *McCain*, 593 So.2d at 502–503.

¶ 13 Speligene's motion asserted that Smith failed to allege that Herpes Type I is itself *dangerous* and, absent such allegation, the petition failed to state a claim because no duty existed unless the virus was dangerous. If the absence of this allegation were the sole

reason for the dismissal, then the trial court would have erred in failing to permit an amendment. 12 O.S.1991, § 2012(G).

¶ 14 However, the motion to dismiss went beyond that assertion to argue that, in fact, the virus is not dangerous. That argument misplaced its focus on dangerousness because Smith's negligence claim does not assert that the instrumentality (here Herpes Type I) is dangerous so that liability follows without fault. On the other hand, Smith does assert that he was endangered by Speligene's conduct and injured as a consequence thereof.

¶ 15 Thus, the question here is whether the law imposes a duty upon Speligene to those coming within the zone of risk to lessen the risk or to inform others so that they may take precaution to protect themselves. Here, Speligene's conduct, given her alleged infection, created a broader zone of risk that posed a general threat of harm to those, like Smith, with whom she might be intimate. In other words, it is foreseeable by Speligene that others could be harmed in intimate situations. In such cases, the law imposes upon Speligene an obligation to lessen the risk or to take precaution to inform others so that they may protect themselves when coming within the zone of risk. In the case of a long and intimate relationship, it would be foreseeable that Speligene would infect Smith with the virus if she had failed to take precautions to prevent its transmission or to lessen the risk by warning Smith of the fact of her infection.

¶ 16 Therefore, based solely on the petition, it cannot be said that the allegations show beyond any doubt that Smith can prove no set of facts which would entitle him to relief. The absence of facts makes the dismissal of Smith's claim premature. *See Lockhart v. Loosen*, 1997 OK 103, ¶ 15, 943 P.2d 1074. The length and nature of the parties' relationship, its degree of intimacy, and Speligene's knowledge of her condition are all factors to consider in order to determine whether Speligene's conduct created a "foreseeable zone of risk", such that the law will then impose a duty to lessen the risk or

take precautions to protect others within the "zone of risk" from harm.

¶ 17 Speligene's contention that the virus constitutes a minor ailment goes to the degree of harm suffered, if any. However, both parties submitted references to medical texts for the purpose of bolstering their respective arguments regarding the serious or non-serious nature of Herpes Type I. Smith alleges that he has incurred and will incur medical expenses. He further alleges that he has suffered great pain and permanent injury. The harm suffered, if any, and the reasonable compensation therefore, are issues for the trier of fact to determine.[2]

¶ 18 The trial court's dismissal of the petition is, therefore,

¶ 19 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

¶ 20 TAYLOR, J. concurs, and GOODMAN, P.J., concurs in part and dissents in part.

GOODMAN, P.J., concurring in part and dissenting in part.

¶ 1 The trial court filed the Order of Dismissal in this matter October 16, 1998. Thereafter, the plaintiff filed his Motion to Reconsider November 12, 1998, within thirty (30) days from the date the Order of Dismissal was filed. The Motion to Reconsider requested leave to amend the plaintiff's petition to include an allegation that "oral herpes was a 'dangerous disease.'" The Petition in Error was timely filed November 16, 1998. Pursuant to 12 O.S. Supp.1998, § 1031.1, on a motion made not later than thirty (30) days after a judgment is filed, the court may correct, open, modify, or vacate the judgment, decree, or appealable order. As he was required to do, the plaintiff notified this court in his Petition in Error that his Motion to Reconsider was pending in the trial court. 12 O.S. Supp.1998, § 990.2(B). However, he

has not advised us of any action the trial court may have taken regarding the motion, which § 990.2(B) also requires him to do. As noted in the Oklahoma Comments to amended § 990.2:

> Even though a post-trial motion filed more than 10 days after the filing of the judgment does not affect the time for commencing an appeal from the judgment, *it may affect the judgment*, and so the appellant is required to notify the· Supreme Court of the disposition of these motions. (Emphasis added.)

¶ 2 I generally agree with the court's analysis of this appeal. However, if the trial court permitted the plaintiff to amend his petition, that analysis could be radically altered. Therefore, I would issue an order directing the plaintiff to advise us of the disposition of his post-trial motion. Further, I do not believe we can render an opinion in this case until we know the effect of such disposition on the judgment appealed.

---

2. It appears from the trial court's order that such materials were considered. Thus, the motion to dismiss "shall be treated as one for summary judgment." 12 O.S.1991, § 2012(B). The appellate standard of review in summary judgment is de novo. This means without deference. *Hulett v. First National Bank & Trust Company in Clin-* ton, 1998 OK 21, 956 P.2d 879; see, *Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). However, these materials pertain to the issues of degree of harm and damages, and those issues are disputed. The trial court clearly did not sustain the motion to dismiss on the basis of disputed facts.