OSCN Found Document:TRINITY BAPTIST CHURCH v. BROTHERHOOD MUTUAL INSURANCE SERVICES, LLC

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 TRINITY BAPTIST CHURCH v. BROTHERHOOD MUTUAL INSURANCE SERVICES, LLC
2014 OK 106
Case Number: 113072
Decided: 12/09/2014
As Corrected: December 11, 2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 106, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL 
RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



TRINITY BAPTIST CHURCH, 
Plaintiff/Appellant,
v.
BROTHERHOOD MUTUAL INSURANCE SERVICES, LLC, 
Defendant,
and
SOONER CLAIMS SERVICES, INC., Defendant/Appellee.

ON APPEAL FROM THE DISTRICT COURT OF OKLAHOMA 
COUNTY
HONORABLE PATRICIA G. PARRISH
DISTRICT 
JUDGE

¶0 A church filed a claim with its insurer for damage to its sanctuary after 
a severe winter storm. The insurer hired an independent insurance adjuster to 
adjust the claim. After a lengthy process, the church filed suit against both 
its insurer and the independent adjuster alleging breach of contract, bad faith, 
and gross negligence. The church settled with its insurer, and the trial court 
granted summary judgment for the independent adjuster. We affirm, on the ground 
that the independent adjuster: 1) was not subject to the implied covenant of 
good faith and fair dealing as it was not a party to the insurance contract and 
had no special relationship with the insured; and 2) owed no legal duty to the 
insured that would subject it to liability in tort for negligent adjustment of 
the claim.

JUDGMENT OF THE TRIAL COURT IS AFFIRMED. CAUSE 
DISMISSED.

Ryan M. Oldfield, Oldfield & Buergler, P.L.L.C., Oklahoma City, Oklahoma, 
for Plaintiff/Appellant.
John Wiggins, Wiggins, Sewell & Ogletree, P.C., 
Oklahoma City, Oklahoma, for Plaintiff/Appellant.
George w. Dahnke, Abowitz, 
Timberlake & Dahnke, P.C., Oklahoma City, Oklahoma, for 
Defendant/Appellee.


COMBS, J.:
¶1 The primary issues presented on appeal are: 1) whether a special 
relationship existed between an insured entity and an independent adjuster hired 
by the insurer, sufficient to subject the independent adjuster to the implied 
covenant of good faith and fair dealing arising under the insurance contract; 
and 2) whether an independent insurance adjuster owes a legal duty to the 
insured such that it may be liable to the insured for negligence in its 
adjustment of the claim. This Court determines the answer to both questions is 
no.
I.
FACTS AND PROCEDURAL HISTORY
¶2 Trinity Baptist Church (Trinity) purchased an insurance policy for its 
property from Brotherhood Mutual Insurance Company (Brotherhood)[1], effective (as amended) from 
July 1, 2009, through July 1, 2010. On December 24, 2009, a powerful winter 
storm struck the Oklahoma City area, which Trinity alleged resulted in 
significant damage to its church property due to accumulation of snow and ice on 
its sanctuary building. Trinity filed a claim with Brotherhood on or about 
January 12, 2010, asserting damage caused by the storm.
¶3 On January 15, 2010, Brotherhood retained Sooner Claims Services, Inc. 
(Sooner), as an independent adjuster to investigate Trinity's claim, pursuant to 
the provisions of a Limited Assignment sent to Sooner on the same day. The 
Limited Assignment provided, among other things, that Sooner was: 1) not to make 
coverage commitments to the insured; 2) not to send written correspondence to 
the insured except as necessary to confirm appointments, collect necessary 
documentation, or provide a complete estimate; 3) to personally inspect the 
losses; and 4) provide a descriptive report to if a loss was possibly not 
covered so that a Brotherhood adjuster could make a coverage determination.
¶4 Trinity disputes that Sooner stuck entirely to the terms of its Limited 
Assignment over the course of its investigation, arguing that Sooner's 
representative made coverage recommendations to Brotherhood in contravention of 
the Limited Assignment.[2] Regardless, Trinity agreed that Sooner had no 
authority to make coverage determinations to it. Trinity also agreed that 
Sooner's evaluations and estimates of damages were submitted directly to 
Brotherhood and it was Brotherhood that determined what documentation generated 
by Sooner would be provided to Trinity. Trinity also agreed that Sooner's 
services were charged at Sooner's customary hourly rate and that Brotherhood 
reimbursed Sooner for its expenses.
¶5 After a lengthy investigation and claims process, that came to involve 
several other contractors and entities not party to the lawsuit, Trinity 
eventually filed suit in the District Court of Oklahoma County on February 18, 
2011. In its First Amended Petition, filed on March 9, 2011, Trinity asserted 
bad faith and breach of contract claims against Brotherhood for its handling and 
investigation of Trinity's claim. Trinity also alleged bad faith and negligence 
on the part of Sooner Claims, alleging that Sooner: 1) assigned an adjuster to 
Trinity's claim when it knew or should have known that the adjuster was 
inadequately skilled for adjusting Trinity's type of commercial loss; 2) allowed 
its adjuster to drag out adjustment for over one year; 3) allowed its adjuster 
to "low ball" Trinity's loss on more than one occasion only to increase the 
covered loss when Trinity objected and hired third-parties; and 4) allowed its 
adjuster to engage in inadequate and incomplete adjustment of Trinity's loss, to 
Trinity's detriment.
¶6 After discovery and other proceedings in the trial court, Sooner filed two 
motions for summary judgment. In its First Motion for Summary Judgment, filed on 
January 14, 2014, Sooner argued that it was entitled to judgment as a matter of 
law because it owed no duty to Trinity that would subject it to liability for 
bad faith or negligent adjustment of Trinity's claim. Sooner also filed a Motion 
for Partial Summary Judgment on the Issue of Damages on January 21, 2014, 
arguing: 1) as a corporation, Trinity could not maintain a claim for emotional 
damages; and 2) Trinity could not establish any damages suffered as a result of 
any act or omission of Sooner or its adjuster Steve Hall.
¶7 The trial court entered summary judgment for Sooner on August 4, 2014. The 
trial court: 1) sustained Sooner's First Motion for Summary Judgment to the 
extent Trinity was attempting to maintain a claim against Sooner for bad faith; 
2) denied Sooner's First Motion for Summary Judgment with respect to Trinity's 
claim of gross negligence; 3) Sustained Sooner's Motion for Partial Summary 
Judgment on the Issue of Damages; and 4) dismissed all claims asserted by 
Trinity against Sooner with prejudice.
¶8 Trinity filed its Petition in Error on July 25, 2014.[3] Sooner filed a 
Counter-Petition in Error on August 14, 2014, to address the trial court's 
denial of its First Motion for Summary Judgment with respect to Trinity's claim 
of gross negligence. Trinity filed a motion to retain its appeal for disposition 
by this Court on July 25, 2014. We granted Trinity's motion to retain on August 
15, 2014, and the cause as assigned to this office on August 19, 2014.
II.
Standard of Review
¶9 A moving party is entitled to summary judgment as a matter of law only 
when the pleadings, affidavits, depositions, admissions or other evidentiary 
materials establish no genuine issue of material fact exists and the moving 
party is entitled to judgment as a matter of law. Miller v. David Grace, 
Inc., 2009 OK 49, ¶10, 212 P.3d 1223; Wathor v. 
Mutual Assurance Administrators, 2004 OK 2, ¶4, 87 P.3d 559. In reviewing the grant 
or denial of summary judgment, this Court views all inferences and conclusions 
to be drawn from the evidentiary materials in a light most favorable to the 
nonmoving party. Miller, 2009 
OK 49, ¶10; Wathor, 2004 
OK 2, ¶4. Because a grant of summary judgment is purely a legal issue, this 
Court's standard of review on appeal is de novo. Miller, 2009 OK 49, ¶10; Carmichael v. 
Beller, 1996 OK 48, ¶2, 914 P.2d 1051.
III.
Sooner did not Owe Trinity a Duty of Good Faith and Fair 
Dealing Because it was a Stranger to the Insurance Contract and no 
Special Relationship Existed
Between it and Trinity. 
¶10 The trial court sustained in part and denied in part Sooner's First 
Motion for Summary Judgment alleging that Sooner owed no legal duty to Trinity. 
The trial court sustained Sooner's motion to the extent that Trinity was 
attempting to maintain a claim against Sooner for bad faith. On appeal, Trinity 
contends the trial court erred because under certain circumstances an 
independent adjuster may owe a duty of good faith and fair dealing to 
individuals insured by its client. Sooner asserts it owed no duty of good faith 
and fair dealing to Trinity. We agree.
A. The general rule in Oklahoma is that only the insurer owes a duty of 
good faith and fair dealing to its insured. 
¶11 Oklahoma law recognizes an implied duty on the part of an insurer to deal 
fairly and act in good with regard to its insured. Timmons v. Royal Globe 
Ins. Co., 1982 OK 97, ¶12, 653 P.2d 907; Christian v. 
American Home Assur. Co., 1977 OK 
141, ¶25, 577 P.2d 899. In 
Timmons, this Court examined whether this duty might be extended to cover 
individuals who were not a party to the contract between the insurer and the 
insured, and determined that it could not. 1982 OK 97, ¶¶16-17. Citing precedent 
from California on which this Court's recognition of the implied covenant of 
good faith and fair dealing was originally based, this Court in Timmons 
determined that as non-insurer defendants were not parties to the agreement 
for insurance, they could not be subject to an implied duty of good faith and 
fair dealing:

 
 In Christian, supra, this Court analyzed and quoted at 
 length from Gruenberg v. Aetna Ins. Co., 9 Cal.3d 566, 108 
 Cal.Rptr. 480, 510 P.2d 1032 (1973). Therein this Court termed 
 Gruenberg, supra, to be a "clear analysis" 
 of the implied duty of fair dealing and good faith at p. 904. Gruenberg, 
 supra, itself specifically examined the liability of an agent for 
 damages for violation of the implied covenant of fair dealing and good faith 
 inuring in a contract of insurance:
 
 
 "Obviously, the non insurer defendants were not parties to the 
 agreement for insurance; therefore, they are not, as such, subject to an 
 implied duty of good faith and fair 
 dealing...."
 Later the California Court dealt with this precise issue, Egan v. 
 Mutual of Omaha Ins. Co., 24 Cal.3d 809, 620 P.2d 141, 169 Cal.Rptr. 691 
 (1979), holding at 620 P.2d p. 149, 169 Cal.Rptr. p. 699:
 
 
 "Segal and McEachen acted as Mutual's agents. As such they are not 
 parties to the insurance contract and not subject to the implied 
 covenant. Because the only ground for imposing liability on either Segal 
 or McEachen is breach of that promise, the judgments against them as 
 individuals cannot stand."
 As this jurisdiction has embraced the implied covenant spoken to in 
 Gruenberg, supra, it is clear that the cause will not lie against 
 a stranger to the contract. 
Timmons, 1982 OK 97, ¶17 
(emphasis added).
B. An exception to the general rule exists when a non-party to the 
insurance contract acts sufficiently like an insurer so that a special 
relationship can be said to exist between the third-party and the 
insured.
¶12 While the general rule is that the implied covenant of good faith and 
fair dealing will not lie against third parties who are strangers to the 
insurance contract, there are exceptions to the rule. See Badillo v. Mid 
Century Ins. Co., 2005 OK 
48, 121 P.3d 1080; Wathor 
v. Mutual Assurance Administrators, Inc., 2004 OK 2, 87 P.3d 559; Wolf v. Prudential 
Ins. Co. of America, 50 F.3d 793 (10th Cir. 1995). In Wolf v. Prudential 
Ins. Co. of America, the United States Court of Appeals for the Tenth 
Circuit determined that Timmons should not be dispositive in situations 
involving third party entities, such as a plan administrator, with far more 
involvement in the insurance process than the agent of the insurer in 
Timmons. Wolf, 50 F.3d at 797. Rather, the Tenth Circuit 
determined that lack of contractual privity alone was not a total bar, and "the 
analysis should focus more on the factual question of whether the administrator 
acts like an insurer such that there is a 'special relationship' between the 
administrator and insured that could give rise to a duty of good faith." 
Wolf, 50 F.3d at 797.
¶13 The Wolf court noted that the plan administrator in that cause had 
a high degree of involvement with the insured and control over matters covered 
by the insurance contract. 50 F.3d at 797-98. Specifically, the administrator: 
1) investigated and serviced claims; 2) had primary control over benefit 
determinations (including intermediate appeals); 3) received a percentage of the 
premiums paid for participant coverage, which increased as losses decreased; and 
4) assumed much of the risk for its determinations. Wolf, 50 F.3d at 798. 
The court concluded the administrator

 
 looks much like an insurer.. We therefore do not see Prudential as a 
 "stranger" to the insurance contracts in this case. It was contractually 
 obligated to administer the plans, and its contractual obligation directly 
 benefitted plaintiffs as third-party beneficiaries of its agreements with 
 the Annuity Board. The contractual obligation combines with the fact that 
 Prudential's benefit determinations could at least indirectly affect its 
 profits and losses to create a special relationship between Prudential and 
 plaintiffs. In other words, on the facts as presented by plaintiffs, 
 Prudential had the power, motive and opportunity to act 
 unscrupulously.
Wolf, 50 F.3d at 798.
¶14 This Court considered the Wolf decision in Wathor v. Mutual 
Assurance Administrators, Inc., 2004 OK 2, 87 P.3d 559. This Court agreed with 
the basic premise of Wolf and noted that the imposition of a nondelegable 
duty on the insurer does not necessarily preclude an action by an insured 
against a plan administrator for breach of an insurer's duty of good faith. 
Wathor, 2004 OK 2, ¶9. 
This Court determined:

 
 In a situation where a plan administrator performs many of the tasks of 
 an insurance company, has a compensation package that is contingent on the 
 approval or denial of claims, and bears some of the financial risk of loss 
 for the claims, the administrator has a duty of good faith and fair dealing 
 to the insured.
Wathor, 2004 OK 2, 
¶12. However, applying the rule of Wolf to the specific facts of 
Wathor, we determined that the third-party administrator in Wathor 
was not so entangled with the insured so as to create a special relationship 
that would subject them to the duty of good faith and fair dealing. 
Wathor, 2004 OK 2, ¶13. 
Specifically, this Court determined:

 
 [l]ike the plan administrator in Wolf, MAA unquestionably 
 performed some of the tasks of an insurance company in its claims handling 
 process. However, in contrast to the facts in Wolf, MAA's 
 compensation package was not tied to the approval or denial of claims but 
 was instead a flat fee based on the number of participants in the Plan. 
 Likewise, MAA did not share the risk of loss with the Plan if losses 
 increased to a certain level, and did not underwrite the entire risk if 
 losses got even higher. In other words, under the facts presented in this 
 case, MAA had neither the power, the motive, nor the opportunity to act 
 unscrupulously.
Wathor, 2004 OK 2, 
¶13.
¶15 In Badillo v. Mid Century Insurance Co., 2005 OK 48, 121 P.3d 1080, this Court reached 
the opposite conclusion and determined that a third party did owe the insured a 
duty of good faith and fair dealing. That cause involved two affiliated 
companies under the umbrella of the Farmers Insurance Group that were so similar 
as to be nearly indistinguishable, though they nominally had separate functions. 
See Badillo, 2005 OK 48, 
¶¶5, 53-55. The trial court treated the two entities as one for purposes of 
liability and ruled as a matter of law that they both owed the insured a duty of 
good faith and fair dealing. Badillo, 2005 OK 48, ¶54. This Court 
determined the trial court committed no error by treating the entities as 
indistinguishable for purposes of the implied duty of good faith and fair 
dealing, noting:

 
 [w]e believe no reasonable person viewing the evidence, and the 
 reasonable inferences therefrom, could conclude anything other than FIE 
 acted as if it was the insurer in its handling of the Smith claim and that 
 it had a special relationship with insured such that it, like MCIC, was 
 subject to the duty of good faith and fair dealing toward 
him.
Badillo, 2005 OK 48, 
¶55.[4]
C. Sooner did not owe Trinity a duty of good faith and fair dealing as a 
third-party insurance adjuster because it did not act sufficiently like an 
insurer so as to create a special relationship with Trinity.
¶16 Wolf, Wathor, and Badillo all stand for the 
proposition that this Court will only apply the duty of good faith and fair 
dealing to a third party stranger to the insurance contract when the third party 
acts so like an insurer that it develops a special relationship with the 
insured, Badillo, 2005 OK 
48, ¶5, essentially giving the third party the power, motive, and 
opportunity to act unscrupulously. Wathor, 2004 OK 2, ¶13.
¶17 In its response to Sooner's motion for summary judgment, Trinity argued 
that such a special relationship did exist, because it alleged Sooner was asked 
to do more by Brotherhood than some insurers require from their independent 
adjusters, including giving advice to Brotherhood on coverage determinations 
recommending the setting of reserves.[5] However, as this Court stated in Wathor, 
merely performing some of the tasks of an insurance company in the claims 
handling process is not sufficient to subject a third party to the duty of good 
faith and fair dealing.[6] Sooner was not a plan administrator with primary 
control over benefit determinations and intermediate appeals. See Wathor, 
2004 OK 2, ¶10; Wolf , 50 
F.3d at 797-98. Sooner's compensation was not tied to premiums paid, nor did it 
increase or decrease in relation to losses, and Sooner did not share the risk 
with Brotherhood. See Wathor, 2004 OK 2, ¶10.
¶18 Trinity confuses the nature of the "special relationship" standard 
elucidated in this Court's prior cases. For a non-party to the insurance 
contract to be subjected to the duty of good faith and fair dealing, a special 
relationship must arise between it and the insured. While Trinity alleges 
that Sooner may have gone beyond the terms of its Limited Assignment, it is 
evident from the record that Sooner did not step into Brotherhood's shoes for 
purposes of interacting with Trinity such that it developed a special 
relationship with Trinity on par with that shared by parties to an insurance 
contract.
¶19 Sooner's authority with regard to Trinity was limited, and the facts of 
this case are distinguishable from situations involving administrators where the 
line dividing who is a third party and who is the insurer has blurred. All of 
Trinity's allegations and the available record indicate that the scope of 
Sooner's responsibilities may have been enlarged with respect to what 
Brotherhood asked Sooner to do for it, not with regard to Sooner's relationship 
with Trinity. Reviewing all inferences and conclusions to be drawn from the 
underlying and uncontested facts in a light most favorable to Trinity, Sooner 
was entitled to summary judgment as a matter of law on the grounds that it owed 
no duty of good faith and fair dealing to Trinity.
IV.
Sooner Owed No Duty to Trinity Concerning its Adjustment of 
Trinity's Claim
¶20 The trial court denied Sooner's First Motion for Summary Judgment with 
respect to Trinity's claim of gross negligence against Sooner. In its 
Counter-Petition in Error, Sooner asserts the trial court erred by denying in 
part its First Motion for Summary Judgment and asserts it owed no duty to 
Trinity that would subject it to a claim of gross negligence for the manner in 
which it investigated and adjusted Trinity's claim. Whether an insured party can 
maintain a separate tort action for negligence against an independent insurance 
adjuster employed by the insurer is an issue of first impression for this 
Court.
¶21 The threshold question in any action for negligence is the existence of a 
duty. Wood v. Mercedes-Benz of Oklahoma City, 2014 OK 68, ¶7, --- P.3d ---; 
Miller v. David Grace, Inc., 2009 OK 49, ¶11, 212 P.3d 1223; Bray v. St. John 
Health Sys., Inc., 2008 OK 
51, ¶6, 187 P.3d 721. The 
existence of a legal duty is a question of law for the court. Wood, 2014 OK 68, ¶7; Miller, 2009 OK 49, ¶11. Where the 
defendant did not owe a duty of care to the plaintiff, there can be no liability 
for negligence as a matter of law. Lowery v. Echostar Satellite Corp., 2007 OK 38, ¶12, 160 P.3d 959; First Nat'l Bank 
in Durant v. Honey Creek Entertainment Corp., 2002 OK 11, ¶20, 54 P.3d 100.
¶22 A legal duty is an expression of the sum total of those considerations of 
policy which lead the law to say that the particular plaintiff is entitled to 
protection. Iglehart v. Bd. of County Com'rs of Rogers County, 2002 OK 76, n. 17, 60 P.3d 497. While the question of 
duty is usually presented in terms of a particular actor's obligation, this 
Court has previously noted that the essential question is whether the 
plaintiff's interests are entitled to protection against the defendant's 
conduct. Morales v. City of Oklahoma City ex rel. Oklahoma City Police 
Dept., 2010 OK 9; Wofford 
v. Eastern State Hosp., 1990 OK 
77, ¶10, 795 P.2d 516. The 
foreseeability of harm to the potential plaintiffs as a result of an 
individual's conduct is one of the most important considerations used to 
determine the existence of a legal duty. Morales, 2010 OK 9, ¶21; Iglehart, 2002 OK 76, ¶10. However, 
foreseeability is just one of many factors that this Court considers and other 
factors include: 1) the degree of certainty of harm to the plaintiff; 2) the 
moral blame attached to defendant's conduct; 3) the need to prevent future harm; 
4) the extent of the burden to the defendant and consequences to the community 
of imposing the duty on defendant; and 5) availability of insurance for the risk 
involved. Morales, 2010 OK 
9, n. 32; Lowery, 2007 OK 
38, n. 4.
¶23 A majority of courts in other states have held that an insured cannot 
maintain a separate tort action for negligence against an independent insurance 
adjuster hired by the insurer because the independent adjuster owes the insured 
no duty of care.[7] A minority of state courts take the opposite 
position and have determined that in similar factual circumstances an 
independent adjuster does owe a duty of care to the insured to not be negligent 
in its investigation or adjustment of the claim.[8]
A. In Brown v. State Farm and Casualty 
Company, 2002 OK CIV 
APP 107, 58 P.3d 
217, the Court of Civil Appeals adopted the minority view that an 
independent insurance adjuster hired by an insurer may owe a duty of care to the 
insured.
¶24 Trinity encourages this Court to adopt the minority viewpoint that an 
independent insurance adjuster hired by the insurer may owe a duty of care to 
the insured, and relies heavily upon a decision by the Oklahoma Court of Civil 
Appeals, Division III: Brown v. State Farm and Casualty Company, 
2002 OK CIV APP 107, 58 P.3d 217 (cert. denied Oct. 15, 
2002).[9] In 
that cause, the Court of Civil Appeals adopted the view of a minority of courts 
in other states that independent insurance investigators owe a duty to the 
insured as well as the insurer to conduct a fair and reasonable investigation of 
an insurance claim. Brown, 2002 OK CIV APP 107, ¶19.
¶25 The court in Brown examined prior decisions of this Court 
addressing the existence of a duty in negligence actions:

 
 ¶ 7 "Oklahoma courts have recognized that the existence of a duty depends 
 on the relationship between the parties and the general risks involved in 
 the common undertaking." Wofford, ¶ 10, 795 P.2d at 519. "Duty of 
 care is not a concept that arises only by statute.... Whenever a person is 
 placed in such a position with regard to another that it is obvious that if 
 he did not use due care in his own conduct he will cause injury to the 
 other, the duty at once arises to exercise care commensurate with the 
 situation in order to avoid such injury." Id.,citing Union Bank of Tucson 
 v. Griffin, 1989 OK 47, ¶ 
 13;771;P.2d;219;222.
 ¶ 8 The most important consideration in establishing duty is 
 foreseeability. Wofford, ¶ 11, 795 P.2d at 519. "As a general rule, 
 'a defendant owes a duty of care to all persons who are foreseeably 
 endangered by his conduct with respect to all risks which make the conduct 
 unreasonably dangerous.' " Id., citing Tarasoff v. Regents of Univ. of 
 Cal., 17 Cal.3d 425, 131 Cal.Rptr. 14, 22;551;P.2d;334;342 (1976). 
 "Foreseeability as an element of duty establishes a 'zone of risk', that is, 
 whether the conduct 'creates a generalized and foreseeable risk of harming 
 others.' " Smith v. Speligene, 1999 OK CIV APP 95, ¶ 
 11;990;P.2d;312;315, citing Delbrel v. Doenges Bros. Ford, Inc., 1996 OK 36, ¶ 
 8;913;P.2d;1318;1321 and McCain v. Florida Power Corp., 593 So.2d 
 500, 503.
2002 OK CIV APP 107, 
¶¶7-8.
The Brown court also discussed several prior decisions of this Court 
examining what duty was owed, if any, by professionals to third parties in a 
variety of factual settings that are distinguishable from the instant cause.[10] 
Particularly persuasive to the Brown court was the decision of the New 
Hampshire Supreme Court in Morvay v. Hanover Ins. Companies, 127 N.H. 
723, 506 A.2d 333 (1986).[11]
B. The law in Oklahoma is in accord with the majority view that an 
independent insurance adjuster hired by an insurer does not owe a duty of care 
to the insured.
¶26 Sooner encourages this Court to adopt the view endorsed by the majority 
of other states that have considered the issue, as well as by some federal 
district courts in Oklahoma.[12] In the unreported case Wallace v. Allstate Ins. 
Co., No. CIV-12-0310-HE, 2012 WL 2060664 (W.D. Okla. June 7, 2012), the 
United States District Court for the Western District of Oklahoma determined 
that under Oklahoma law an independent insurance adjuster hired by an insurer to 
investigate a claim does not owe a duty to the insured to conduct a fair and 
reasonable investigation.
¶27 The court in Wallace noted that the decision of this Court relied 
upon in Brown concerned an architect, bond counsel, and accounting firm, 
all of whom were highly skilled professionals who could reasonably expect third 
parties to rely upon their work. Wallace, 2012 WL 2060664, *1. The 
Wallace court correctly noted that different circumstances apply where 
insurance adjusters are concerned, stating:

 
 [i]n the context of an insurance claim, it is "[t]he insurer [that] 
 contractually controls the responsibilities of its adjuster and retains the 
 ultimate power to deny coverage or pay a claim. Subjecting adjusters to 
 potential tort liability from insureds could create conflicting loyalties 
 with respect to the adjusters' contractual obligations, given that insureds 
 and insurers often disagree on the extent of coverage or the amount of 
 damages."Hamill v. Pawtucket Mut. Ins. Co., 892 A.2d 226, 257 
 (Vt.2005) (internal citation omitted).
Wallace, 2012 WL 2060664, *2.
Put more succinctly , "'[c]reating a separate duty from the adjuster to the 
insured would thrust the adjuster into what could be an irreconcilable conflict 
between such duty and the adjuster's contractual duty to follow the instructions 
of its client, the insurer.'" Wallace, 2012 WL 2060664, *2 (quoting 
Meineke v. GAB Business Servs., Inc., 991 P.2d 267, 271 (Az. Ct. App. 
1999)).
¶28 While the decisions of this Court relied upon by the Court of Civil 
Appeals in Brown correctly indicate that this Court does not consider 
lack of contractual privity a bar to the existence of a legal duty for purposes 
of negligence, the Wallace court is correct that public policy and other 
factors besides foreseeability counsel against imposing a legal duty to the 
insured with regards to negligence.[13]
¶29 The relationship between and insurer and its insured is defined and 
governed by the insurance policy and its accompanying implied covenant of good 
faith and fair dealing. Hamill v. Pawtucket Mut. Ins. Co., 2005 VT 133, 
¶13, 892 A.2d 226. See Wathor, 2004 OK 2,¶¶6-7; Christian, 
1977 OK 141, ¶24-25. This court 
stated pointedly in Wathor that this duty is non-delegable and that an 
insurer can be held liable for breach of the duty due to the actions of its 
independent contractors or agents. 2004 OK 2, n. 6. The Court 
stated:

 
 [a]n insurer has a non-delegable duty of good faith while performing the 
 functions of claims management, adjustment and settlement. This duty 
 requires the insurer to take positive steps to adequately investigate, 
 evaluate, and respond to its insureds' claims. An insurer may employ an 
 agent or an independent contractor to perform these functions, but this does 
 not absolve the insurer of its own non-delegable duty. If the agent or 
 independent contractor fails to adequately perform the functions, the 
 insurer is liable, not under the doctrine of respondeat 
 superior, but because of its own failure to comply with its 
 non-delegable duty of good faith.
Wathor, 2004 OK 2, n. 
6. See also Timmons, 1982 OK 97, ¶17 (acts of agents may 
be material to a determination of the existence of a breach of an insurer's duty 
of good faith and fair dealing).
¶30 Even if harm to the insured through an adjuster's negligence might be 
foreseeable to the adjuster, from a policy standpoint it makes little sense to 
hold that the adjuster has an independent duty when the insurer itself is 
subject to liability for the adjuster's mishandling of claims in actions 
alleging breach of contract and bad faith. The special relationship between the 
insurer and insured, and the implied duty of good faith and fair dealing on the 
part of the insurer, represent a unique factual departure from the decisions of 
this Court relied upon by the Court of Civil Appeals in Brown, discussed 
above.[14] If 
the insurer mishandles a claim due to the actions of its independent adjuster, 
the insured may be entitled to recover compensatory damages for breach of 
contract, or damages in tort if the insurer's actions rise to the level of bad 
faith.
¶31 The existence of a separate legal duty on the part of the adjuster in 
these circumstances would allow for potential double recovery, permitting the 
insured to recover in tort both for breach of contract or breach of the duty of 
good faith and fair dealing by the insurer--caused by an adjusters negligent 
conduct--and from the adjuster for the same conduct. In the words of the Supreme 
Court of Vermont in Hamill: "in most cases, imposing tort liability on 
independent adjusters would create a redundancy unjustified by the inevitable 
costs that eventually would be passed on to insureds." 2005 VT 133, ¶14 (citing 
Sanchez v. Lindsey Morden Claims Services, Inc., 84 Cal.Rptr.2d 799, 
802-03 (Cal. Ct. App. 1999)).[15]
V.
DAMAGES
¶32 The trial court sustained Sooner's Motion for Partial Summary Judgment on 
the Issue of Damages. In its motion, Sooner argued that it was entitled to 
judgment as a matter of law because: 1) a corporation cannot maintain a claim 
for emotional damages; and 2) Trinity could not establish any damages as a 
result of an act or omission of Sooner or its adjuster Steve Hall. As this Court 
has determined that Sooner owed no legal duty to Trinity that would subject it 
to liability in tort, either for bad faith or negligence, Sooner is entitled to 
judgment as a matter of law and this Court need not address the issue of 
damages. See Lowrey, 2007 OK 
38, ¶12, 160 P.3d 959 
("The existence of a duty of care is the threshold question in any negligence 
action."); Badillo v. Mid Century Ins. Co., 2005 OK 48, ¶25, 121 P.3d 1080 (noting the prima 
facie case for breach of the duty of good faith and fair dealing requires 
plaintiff establish the defendant owed them such a duty).
CONCLUSION
¶33 When possible an appellate court must hand down the judgment, which in 
its opinion, the trial court should have rendered. Hall v. CEO Group, 
Inc., 2014 OK 22, ¶17, 324 P.3d 399; Dixon v. 
Bhuiyan, 2000 OK 56, ¶9, 10 P.3d 888. If the trial court 
reached the correct result but for the wrong reasons, its judgment is not 
subject to reversal. Hall, 2014 OK 22, ¶17; Dixon, 2000 OK 56, ¶9; In the Matter of 
the Estate of Bartlett, 1984 OK 
9, ¶4, 680 P.2d 369. Rather, 
this Court is not bound by the trial court's reasoning and may affirm the 
judgment below on a different legal rationale. Hall, 2014 OK 22, ¶17; Dixon, 2000 OK 56, ¶9; McMinn v. City of 
Oklahoma City, 1997 OK 
154, ¶11, 952 P.2d 517.
¶34 The trial court did not err by entering summary judgment in favor of 
Sooner, though it did so on the basis of Sooner's damages claims rather than 
Sooner's assertion that it owed Trinity no legal duty. This Court determines 
that: 1) Sooner was not subject to the implied covenant of good faith and fair 
dealing arising from the insurance contract between Trinity and Brotherhood; and 
2) owed Trinity no legal duty that would allow Trinity to recover in tort for 
any negligence in Sooner's investigation and adjustment of the claim. 
Accordingly, the trial court's August 4, 2014, grant of summary judgment in 
favor of Sooner is affirmed.

JUDGMENT OF THE TRIAL COURT IS AFFIRMED. CAUSE 
DISMISSED.

REIF, V.C.J., KAUGER, WATT, WINCHESTER, and COMBS, JJ., concur.
TAYLOR, J., concurs in result.
COLBERT, C.J., and EDMONDSON, J., concur in part and dissent in 
part.
GURICH, J., not participating.

FOOTNOTES

[1] Trinity 
also named Brotherhood Mutual Insurance Services, LLC as a defendant, before 
dismissing it without prejudice early on in proceedings at the trial court 
level. Regardless, neither Brotherhood Mutual entity is a party to this appeal, 
and "Brotherhood" is used for convenience to refer to Trinity's 
insurer.

[2] This 
argument appears flawed, given that the express terms of the Limited Assignment 
indicate Sooner was not supposed to make coverage determinations to the 
insured. If a loss was possibly not covered, Sooner was in fact obligated 
under the express terms of the assignment to provide a descriptive report to 
Brotherhood so it could make a coverage determination. The deposition taken from 
Steven Hall clearly indicates he gave his opinion to Brotherhood, Sooner's 
client, when he was asked for it.

[3] On 
August 1, 2014, this Court ordered Trinity to file an amended petition in error, 
with the trial court's order granting summary judgment attached as Exhibit A. 
Trinity filed its Amended Petition in Error on August 8, 2014.

[4] The 
Court in Badillo also noted that whether the duty of good faith and fair 
dealing is applicable to a non-party to the insurance contract need not always 
be a question of fact for a jury to decide:
[w]here only one inference can reasonably be drawn from the evidence as to a 
material issue relating to a party's claim or defense, it is not error for a 
trial court to remove said issue from the jury's consideration and to direct a 
verdict thereon. See Agee v. Gant, 1966 OK 31, 412 P.2d 155, 156 (Third Syllabus by 
the Court)(question of negligence or no negligence is one of law for court where 
but one inference can reasonably be drawn from the evidence as to said issue). 
Nor is the question of whether an entity other than the named insurer on the 
applicable insurance policy may or may not be subject to the duty of good faith 
and fair dealing toward an insured always a question of fact for jury 
consideration. See Wathor (affirming summary judgment in favor 
of third-party administrator for a self-funded county health insurance program 
based on determination the undisputed facts presented entitled said 
administrator to judgment as a matter of law, as it could not be deemed to have 
sufficiently acted like an insurer to fasten a special relationship between it 
and the insured that would give rise to a duty of good faith and fair dealing on 
the part of the administrator toward the insured).
2005 OK 48, ¶55 (emphasis 
added).

[5] Trinity 
also alleged general collusion between Brotherhood and Sooner to manipulate 
estimates and bring down the cost of repairs, but these allegations are 
essentially a restatement of Trinity's claims that Sooner acted in bad faith, 
rather than effective indications that Sooner acted sufficiently like an insurer 
to create a special relationship with Trinity.

[6] This 
Court stated in Wathor:
Like the plan administrator in Wolf, MAA 
unquestionably performed some of the tasks of an insurance company in its claims 
handling process. However, in contrast to the facts in Wolf, MAA's 
compensation package was not tied to the approval or denial of claims but was 
instead a flat fee based on the number of participants in the Plan. Likewise, 
MAA did not share the risk of loss with the Plan if losses increased to a 
certain level, and did not underwrite the entire risk if losses got even higher. 
In other words, under the facts presented in this case, MAA had neither the 
power, the motive, nor the opportunity to act unscrupulously.
2004 OK 2, ¶13 (emphasis 
added).

[7] See, 
e.g., Akpan v. Farmers Ins. Exchange, Inc., 961 So.2d 865 (Ala. Civ. App. 
2007) (determining independent adjuster hired by insurer owed no duty to 
insureds and could not be held liable on negligence theory); Hamill v. 
Pawtucket Mut. Ins. Co., 2005 VT 133, 892 A.2d 226 (holding independent 
adjusters owed no duty to insured and were not liable for negligent handling of 
insurance claim); Charleston Dry Cleaners & Laundry, Inc. v. Zurich 
American Ins. Co., 355 S.C. 614, 586 S.E.2d 586 (S.C. 2003) (independent 
insurance adjuster owes to insured no general duty of care); Meineke v. GAB 
Business Services, Inc. 195 Ariz. 564, 991 P.2d 267 (Ariz. Ct. App. 2000) 
(determining relationship between adjuster and insured is sufficiently 
attenuated by the insurer's control over the adjuster that adjuster owes no 
legal duty to insureds and is not subject to negligence liability); Sanchez 
v. Lindsey Morden Claims Services, Inc., 72 Cal.App.4th 249, 84 Cal.Rptr.2d 
799 (Cal. Ct. App. 1999) (holding that policy concerns as well as the general 
law of agency militate against imposing a duty of care owed by insurer-retained 
adjusters to insureds); Dear v. Scottsdale Ins. Co., 947 S.W.2d 908 (Tex. 
App. 1997) (holding that insured may not maintain negligence action against 
adjuster because adjuster's duties are contractual ones owed solely to insurer) 
(disapproved on other grounds by Apex Towing Co. v. Tolin, 41 S.W.3d 118 
(Tex. 2001)); King v. Nat'l Security Fire and Casualty Co., 656 So.2d 
1338 (Fla. Dist. Ct. App. 1995) (holding that insured may not bring simple 
negligence action against independent insurance adjuster because adjuster's duty 
arises out of the underlying contract between adjuster and insurer and is owed 
to insurer only).

[8] See, 
e.g., Morvay v. Hanover Ins. Co., 127 N.H. 723, 506 A.2d 333 (N.H. 
1986) (independent agents hired by insurer owed a duty to both insurer and 
insured to conduct a fair and reasonable investigation); Continental Ins. Co. 
v. Bayless and Roberts, Inc., 608 P.2d 281 (Alaska 1980) (holding insurance 
adjuster could be liable in negligence directly to insured for failure to 
adequately investigate wrongful death claim).

[9] 
Opinions released for publication by order of the Court of Civil Appeals, are 
persuasive only, and lack precedential effect. Hollaway v. UNUM Life Ins. Co. 
of America, 2003 OK 90, n. 
6, 89 P.3d 1022.

[10]Cases discussed by the Court of Civil Appeals 
included: Keel v. Titan Const. Corp, 1981 OK 148, 639 P.2d 148; 
Bradford Securities Processing Services, Inc. v. Plaza Bank and Trust, 1982 OK 96, 653 P.2d 188; Stroud v. 
Arthur Andersen & Co., 2001 
OK 76, 37 P.3d 
783.

[11] 
Morvay, like the instant cause and the cause before the Court of Civil 
Appeals in Brown, concerned what duty, if any, was owed by an independent 
insurance investigator to an insured who was not party to its contract with the 
insurer. 127 N.H. at 725-726. The Morvay court first noted that 
investigators are under a general duty to use due care in the performance of 
their work. 127 N.H. at 725. The court then determined that it was foreseeable 
that negligence on the part of the investigator might harm the insured:
In this case, Verity and Roberts were not in privity with the plaintiffs. 
However, they were fully aware that the plaintiffs could be harmed financially 
if they performed their investigation in a negligent manner and rendered a 
report to Hanover that would cause the company to refuse payment to the 
plaintiffs. Verity and Roberts were also aware that there was a mutual duty of 
fair dealing between Hanover and the plaintiffs. Under these circumstances, we 
hold that the plaintiffs have stated a cause of action in negligence against 
Verity and Roberts. See Continental Ins. Co. v. Bayless & Roberts, 
Inc., 608 P.2d 281 (Alaska 1980).
Although the contractual relationship exists solely between the insurer and 
the investigators, and the investigators may give reports only to the insurer, 
the insured is a foreseeably affected third party. If the investigators' report 
indicates a fire of incendiary nature, the insured's contract with the insurer 
may be unenforceable. If, on the other hand, the report indicates that the fire 
is not of an incendiary nature, the insured may expect the contract to be 
honored. Both the insured and the insurer have a stake in the outcome of the 
investigation. Thus, we hold that the investigators owe a duty to the insured as 
well as to the insurer to conduct a fair and reasonable investigation of an 
insurance claim and that the motion to dismiss should not have been granted.
Morvay, 127 N.H. at 726.

[12] 
Federal court decisions are not binding or controlling upon this Court when 
construing Oklahoma law. Johnson v. Ford Motor Co., 2002 OK 24, ¶26, 45 P.3d 86.

[13] The 
court in Wallace repeatedly refers to "simple negligence", noting that it 
makes little sense to hold an adjuster liable for simple negligence when a 
greater magnitude of culpability is necessary to hold the insurer itself liable 
for violation of the duty of good faith and fair dealing. The reason for the 
Wallace court's distinction is this Court's language in Badillo, 
where we stated:
To the extent American Fidelity & Casualty Co. v. L.C. Jones Trucking 
Co., 321 P.2d at 687, may have implied that a simple negligence standard was 
approved or adopted as to the level of culpability necessary to be shown for 
liability to attach to an insurer for breach of the duty of good faith and fair 
dealing in relation to the handling of a third-party claim made against the 
insured, i.e., the situation involved here, that case is expressly overruled, 
but only to such extent. In our view, under Christian and later cases, 
the minimum level of culpability necessary for liability against an insurer to 
attach is more than simple negligence, but less than the reckless conduct 
necessary to sanction a punitive damage award against said insurer. In PART VII, 
infra, we discuss the minimum level of culpability necessary to 
warrant a punitive damage recovery against an insurer for breach of the duty of 
good faith and fair dealing.
2005 OK 48, ¶28.
Any intense focus on the degree of negligence (Trinity alleges gross 
negligence, the Wallace court refers to "simple negligence") is 
misplaced. Whereas the existence of a legal duty is a question of law, the 
degree of negligence, which can be considered the magnitude of the breach of 
that duty, is a question of fact and a separate issue from whether a legal duty 
existed in the first place. See Fox v. Oklahoma Memorial Hosp., 1989 OK 38, ¶7, 774 P.2d 459; NMP Corp. v. 
Parametric Technology Corp., 958 F.Supp 1536, 1546 (N.D. Okla. 1997) ("gross 
negligence requires the intentional failure to perform a manifest duty in 
reckless disregard of the consequences or in callous indifference to the life, 
liberty, or property of another. Thus, gross negligence is the same as a 
negligence claim, differing only as to the degree."); 25 O.S. 2011 § 6 (degrees of 
negligence defined). At issue on appeal in this cause is whether Sooner, 
as an independent insurance adjuster, owed a legal duty to Trinity, the insured, 
not the magnitude of their potential breach of such a duty.

[14] 
These also include, in addition to those cases already discussed, Lockheart 
v. Loosen, 1997 OK 103, 943 P.2d 1074 and Brigance v. 
Velvet Dove Restaurant, Inc., 1986 OK 41, 725 P.2d 300, both cases that deal 
with foreseeability of harm and a legal duty to third parties but without the 
special circumstances of the insurance contract and unique relationships between 
an insured, insurer, and an insurer's independent adjuster. Lockhart 
involved a wife's lawsuit against her husband's lover after the wife contracted 
genital herpes. 1997 OK 103, ¶2. 
Brigance involved a parent's negligence suit against a vendor of 
alcoholic beverages for serving an intoxicated driver who killed the parent's 
minor child. 1986 OK 41, 
¶0.

[15] 
Much like the plaintiff in Hamill, Trinity has already settled its claims 
against Brotherhood, and there is no indication the settlement is somehow 
inadequate to cover its losses. See Hamill, 2005 VT 133, 
n.2.
 




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2002 OK CIV APP 107, 58 P.3d 217, BROWN v. STATE FARM FIRE AND CASUALTY COMPANY
Discussed at Length
 1999 OK CIV APP 95, 990 P.2d 312, 70 OBJ 3476, Smith v. Speligene
Cited
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1986 OK 41, 725 P.2d 300, 57 OBJ 1698, Brigance v. Velvet Dove Restaurant, Inc.
Discussed at Length
 1989 OK 38, 774 P.2d 459, 60 OBJ 628, Fox v. Oklahoma Memorial Hosp.
Discussed
 1989 OK 47, 771 P.2d 219, 60 OBJ 813, Union Bank of Tucson, Arizona v. Griffin
Cited
 1990 OK 77, 795 P.2d 516, 61 OBJ 2093, Wofford v. Eastern State Hosp.
Discussed
 1997 OK 103, 943 P.2d 1074, 68 OBJ 2550, LOCKHART v. LOOSEN
Discussed at Length
 2001 OK 76, 37 P.3d 783, 72 OBJ 2725, STROUD v. ARTHUR ANDERSEN & CO.
Discussed
 2002 OK 11, 54 P.3d 100, 73 OBJ 560, FIRST NATIONAL BANK IN DURANT v. HONEY CREEK ENTERTAINMENT CORP.
Discussed
 2002 OK 24, 45 P.3d 86, JOHNSON v. FORD MOTOR CO.
Discussed
 1966 OK 31, 412 P.2d 155, AGEE v. GANT
Discussed
 2002 OK 76, 60 P.3d 497, IGLEHART v. BOARD OF COUNTY COMMISSIONERS OF ROGERS COUNTY
Discussed at Length
 2003 OK 90, 89 P.3d 1022, HOLLAWAY v. UNUM LIFE INSURANCE CO. OF AMERICA
Discussed
 2004 OK 2, 87 P.3d 559, WATHOR v. MUTUAL ASSURANCE ADMINISTRATORS, INC.
Discussed at Length
 2005 OK 48, 121 P.3d 1080, BADILLO v. MID CENTURY INSURANCE COMPANY
Discussed at Length
 1996 OK 36, 913 P.2d 1318, 67 OBJ 953, Delbrel v. Doenges Bros. Ford, Inc.
Cited
 1996 OK 48, 914 P.2d 1051, 67 OBJ 1173, Carmichael v. Beller
Discussed
 2007 OK 38, 160 P.3d 959, LOWERY v. ECHOSTAR SATELLITE CORP.
Discussed at Length
 2008 OK 51, 187 P.3d 721, BRAY v. ST. JOHN HEALTH SYSTEM, INC.
Discussed
 2009 OK 49, 212 P.3d 1223, MILLER v. DAVID GRACE, INC.
Discussed at Length
 2010 OK 9, 230 P.3d 869, MORALES v. CITY OF OKLAHOMA CITY ex rel. OKLAHOMA CITY POLICE DEPT.
Discussed at Length
 2014 OK 22, 324 P.3d 399, HALL v. THE GEO GROUP, INC
Discussed at Length
 2014 OK 68, WOOD v. MERCEDES-BENZ OF OKLAHOMA CITY
Discussed
 1977 OK 141, 577 P.2d 899, CHRISTIAN v. AMERICAN HOME ASSUR. CO.
Discussed at Length
 1997 OK 154, 952 P.2d 517, 69 OBJ 42, McMINN v. CITY OF OKLAHOMA CITY
Discussed
 1981 OK 148, 639 P.2d 1228, Keel v. Titan Const. Corp.
Cited
 1982 OK 96, 653 P.2d 188, Bradford Securities Processing Services, Inc. v. Plaza Bank and Trust
Discussed
 1982 OK 97, 653 P.2d 907, Timmons v. Royal Globe Ins. Co.
Discussed at Length
 2000 OK 56, 10 P.3d 888, 71 OBJ 1890, DIXON v. BHUIYAN
Discussed at Length
 1984 OK 9, 680 P.2d 369, Estate of Bartlett, Matter of
Discussed
Title 25. Definitions and General Provisions
 Cite
Name
Level

 25 O.S. 6, Types of Negligence Defined
Cited